CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 12 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH NORMAN, | ) | CASE NO. 7:11CV00315 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| SGT. GREER, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Kenneth Norman, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison official and others at Wallens Ridge State Prison used excessive force against him, in violation of his Eighth Amendment rights. The defendant has filed a motion for summary judgment asserting that Norman failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). Norman has responded, making the matter ripe for disposition.[1] Upon review of the record, the court finds that defendant's motion must be granted.

I

The relevant facts are these. Norman alleges that on October 9, 2010, the defendant, Sgt. Greer, and other Wallens Ridge staff assaulted Norman physically and that Greer ordered the control booth officer to shoot Norman. In the incident, Norman suffered broken ribs and injuries

---

[1] Norman has filed discovery motions, seeking to learn the identity of other officers involved in the incident and asking for production of video footage, medical records, and other information relevant to the merits of his claims. Defendant responded to Norman's discovery requests, although these responses are not part of the record. Norman then filed a motion to amend his complaint to add defendants and to supplement his description of the defendants' actions on October 9, 2010. He has also submitted extensive medical records, which the court has considered. The court took plaintiff's discovery motions under advisement, pending its decision on defendant's motion for summary judgment under § 1997e(a), regarding exhaustion of administrative remedies, and directed plaintiff to respond to defendant's motion, which he did. Norman fails to demonstrate that any outstanding discovery matters prevented him from responding fully to the issues raised in defendant's motion. See Fed. R. Civ. P. 56(d)(2). Therefore, defendant's motion is ripe for disposition.

to his head, face, and eye. That same day, officers transported Norman to the Medical College of Virginia hospital for treatment. On October 10, 2010, Norman was transported to Powhatan Correctional Center, and on October 22, 2010, he was transferred to Sussex I State Prison.

Operating Procedure 866.1 sets out the administrative procedure inmates in Virginia Department of Corrections (VDOC) prisons must follow to resolve grievances. (Def. MSJ, Ravizee Affid., Enclosure A (ECF No. 20)). Inmates are oriented to this grievance procedure when they are received into the VDOC. Under OP 866.1, an inmate must first make a good faith effort to informally resolve his grievance about an incident by submitting an informal complaint to the grievance department at the appropriate VDOC institution. Prison staff should respond to the informal complaint within 15 calendar days so that the inmate receives his response in time to proceed to the next step under OP 866.1: filing a regular grievance within 30 days of the incident. If an inmate has been transferred, he must submit his informal complaint and subsequent regular grievance to the institution where the issue originated. Expiration of a time limit without the issuance of a response at any stage of the grievance procedure automatically qualifies the grievance for appeal to the next level.

When the grievance department receives a regular grievance that does not comply with the filing requirements of OP 866.1, staff returns the grievance to the inmate within two days from receipt, noting the reason for the return on the "intake" section on the second page of the grievance form. The grievance department keeps a copy of all grievances returned in this manner. If the offender wishes to challenge the intake decision on any grievance, he must send that grievance to the applicable regional ombudsman for a determination. OP 866.1 does not provide for any further review of the intake decision.

2

Defendants offer evidence concerning Norman's use of the grievance procedure regarding his excessive force claim. (Ravizee Affid. (ECF No. 20)). On November 29, 2010, Wallens Ridge received Norman's informal complaint, dated November 12, 2010, asserting that he had been assaulted by staff at Wallens Ridge, transported to the hospital for treatment of injuries, and then transferred to a prison medical unit. (Ravizee Affid. Enclosure B). Staff responded in writing: "You were involved in an altercation with another offender after you assaulted the other offender with an adaptor. No evidence was found to support your claim of assault by staff." (Id.) On December 13, 2010, staff mailed Norman's informal complaint response to MCV, believing that Norman was housed there. The mailing was returned to Wallens Ridge as undeliverable at MCV. Learning that Norman had been transferred to Sussex I State Prison, staff mailed the informal complaint response to him at Sussex I.

On January 25, 2011, the Wallens Ridge grievance department received a regular grievance from Norman. Dated January 19, 2010, Norman's regular grievance complained about the alleged assault by staff on October 9, 2010, at Wallens Ridge and stated Norman's belief that his life would be in danger if authorities transferred him back to Wallens Ridge. Staff returned the grievance because Norman filed it after the 30-day filing period expired, and marked this reason for the return on the second page of the grievance. Staff also noted on the form that Norman could not file a grievance about a transfer back to Wallens Ridge before such a transfer occurred.

II

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion

3

requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006).

Defendant argues that Norman has not exhausted his available administrative remedies. Norman's claim that officers used excessive force against him on October 9, 2010, is a grievable issue under VDOC procedures. Norman had 30 days from the incident in which file both an informal complaint and then a regular grievance. Norman did not sign and date his informal complaint until November 12, 2010 – more than 30 days after the incident. He signed and dated his regular grievance on January 19, 2011, weeks after the filing period ended. Therefore, Norman did not properly exhaust his available administrative remedies as required under § 1997e(a).

Norman argues that he was unable to pursue timely administrative remedies, but his arguments are unavailing. Norman first points to the fact that prison officials mailed the response to the informal complaint to the wrong address. This error was harmless because the informal complaint was untimely, and did not impact Norman's ability to file a timely regular grievance. At all times, except for the day when Norman received treatment at MCV, Norman was confined in VDOC prison facilities, with access to grievance forms and personnel and could have filed his regular within the allotted time.

Norman also asserts that his injuries from the incident constituted a circumstance beyond his control that prevented him from filing a timely grievance. (Pl. Resp., ECF No. 34) Norman

4

alleges that his eye sight is limited so that he relies on help from other inmates to file his court pleadings. He also claims that his injuries affected him mentally and emotionally, which hampered his ability to file a timely grievance.

Norman could have raised such arguments within the prison grievance procedure by appealing the intake decision rejecting his January 2011 grievance as untimely. After this rejection, Norman had 5 days to mail an appeal to the regional director, in which Norman could have asserted his current arguments that his injuries prevented him from filing his grievance within the time limits. Norman fails to demonstrate that he pursued that available appeal remedy.

Moreover, Norman's own submissions in response to the motion for summary judgment disprove his assertion that his injuries prevented him from filing timely administrative remedies. With his response, Norman submits an informal complaint he filed at Sussex I on October 31, 2010, within the 30-day filing period after the October 9, 2010. (ECF No. 34-2, p. 1-2) This informal complaint stated that Norman had been assaulted at Wallens Ridge and that he did not want to be transferred back to Wallens Ridge. Staff returned the informal complaint to Norman on November 3, 2010, informing him that his request to avoid transfer was a request for services that he should pursue by talking to his counselor. Norman then filed a regular grievance on November 4, 2010, within the 30-day filing period, stating that he had been assaulted by staff at Wallens Ridge and did not want to go back there. (ECF No. 34-1, pp. 3-4) Staff returned the grievance to Norman on November 9, 2010, indicating that it was a request for services.[2]

---

[2] Defendants' motion does not discuss Norman's October 31, 2010 informal complaint or his November 4 regular grievance, which he filed at Sussex I seeking to avoid transfer to Wallens Ridge. While these administrative remedies were timely filed, they were not filed at Wallens Ridge, where the assault occurred, as required under OP 866.1, and so could not satisfy § 1997e(a). In any event, because Norman did not appeal his November 4, 2010 grievance or challenge the intake decision, he did not exhaust this grievance.

5

Norman's filing of timely administrative remedies at Sussex I, on October 31 and November 4, 2010, flatly contradicts his assertion that his physical injuries prevented him from utilizing the grievance procedure in a timely manner as required under § 1997e(a) before filing this lawsuit.

III

For the stated reasons, the court finds no material fact in dispute and concludes that Norman failed to properly exhaust available administrative remedies although he was capable of doing so. Therefore, the court grants the defendant's motion for summary judgment under § 1997e(a). Norman's pending motions for discovery and motion to amend related to his excessive force claims in this action must be dismissed as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of June, 2012.

_____
Senior United States District Judge

6

Case 7:11-cv-00315-JCT-RSB   Document 35   Filed 06/12/12   Page 6 of 6   Pageid#: 225